FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 SEP 19 A 11: 35

CLERK____C Adams____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 107-052 |
| | ) | |
| DARRELL JAMES MCZILKEY | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In the above-captioned criminal case, the Government has accused Defendant Darrell James McZilkey of possession with intent to distribute over five (5) grams of methamphetamine, possession with intent to distribute Xanax, and possession of a controlled substance (marijuana). The matter is now before the Court on Defendant's motions to suppress and motion for a hearing. (Doc. nos. 12, 31-1 & 31-2). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motions to be **DENIED**.[1]

---

[1] In both motions to suppress, Defendant asked for an evidentiary hearing. (Doc. nos. 12, p. 3; doc. no. 31-2, p. 7). However, the decision to grant or deny a request for an evidentiary hearing on a motion to suppress is left to the Court's discretion. United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000); United States v. Sneed, 732 F.2d 886, 888 (11th Cir. 1984) (*per curiam*). "[A] criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion." United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994) (affirming denial of a motion for evidentiary hearing on motion to suppress) (citation omitted). However, a district court should grant a request for an evidentiary hearing when the moving papers, including the affidavits, are "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985) (quoting United States v. Poe, 462 F.2d 195, 197 (5th Cir. 1972)).

Here, as discussed in Part II, *infra*, the moving papers do not establish that a substantial claim is presented. Furthermore, the filings related to these motions do not create any <u>factual</u> dispute. Therefore, the Court finds no reason for holding an evidentiary hearing.

## I. FACTS

On January 17, 2007, Investigator Matt Baxley with the Columbia County Sheriff's Office applied for a search warrant via affidavit in the Magistrate Court of Columbia County. Among other things, the affidavit in support of the search warrant alleged that, on November 3, 2006, Investigator Baxley received information from a confidential informant that Defendant was selling methamphetamine from his residence located at 6354 McZilkey Road. (Doc. no. 31-1, p. 9). The affidavit also explained that, on January 13, 2007, Special Agent Anthony DePrizio, Jr., with the Federal Bureau of Investigation, reported that a confidential informant had told him that Defendant was selling methamphetamine from his residence. (Id.). Investigator Baxley also recounted in his affidavit that, on January 16, 2007, he met with Agent DePrizio and his confidential informant, who stated that within the previous 72 hours he observed Defendant in possession of approximately one (1) ounce of methamphetamine at his residence. (Id.). According to Investigator Baxley, within the 72 hours proceeding the application for a search warrant, Agent DePrizio's confidential informant made a controlled purchase of methamphetamine at Defendant's residence. (Id.).

Through Investigator Baxley's independent investigation, he matched the description of the location in the warrant, Defendant's residence, with the description provided by both of the confidential informants. (Id.). The warrant application included details of Defendant's criminal history of possession, possession with intent to distribute, and trafficking of drugs, including marijuana and methamphetamine. (Id.). Finally, the warrant application contained a request that the Court authorize execution without verbal notice because "forewarning would greatly increase the risk of injury . . . and the possible destruction of evidence." (Id.).

2

On the same day that Investigator Baxley made his application, a Magistrate in Columbia County issued a search warrant for Defendant's residence, all vehicles present during execution of the warrant, Defendant, and other persons present during the execution of the warrant. (Id. at 11). Notably, the search warrant, citing "reasonable grounds to believe that the giving of verbal notice would greatly increase the officer's peril and (or) lead to the destruction of [evidence]," authorized entry into Defendant's residence without knocking or giving verbal notice. (Id. at 12). On January 24, 2007, the Narcotics Unit of the Columbia County Sheriff's Department executed the search warrant and located a number of items of evidence, including: (1) 30.4 grams of methamphetamine on the roof in front of Defendant's bedroom window; (2) 3.8 grams of methamphetamine in Defendant's dresser; (3) 2.2 grams of marijuana in Defendant's pocket; (4) 8.7 grams of marijuana under Defendant's bed; (5) 39.8 grams of marijuana on Defendant's bed; (6) 75 Xanax pills and 2 Lorcet pills in Defendant's dresser; (7) two digital scales and four glass smoking devices under Defendant's bed; and (8) $5,896.00 in Defendant's wallet. (Id. at 13-18). According to Investigator Baxley, who remained outside during entry into Defendant's residence, Defendant knocked the screen out of his bedroom window and threw a bag of methamphetamine out of the window on to the roof. (Id. at 13).

## II. ANALYSIS

### A.  Probable Cause for the Search Warrant

Defendant argues that all evidence seized from his residence and his statements should be suppressed because the search warrant was legally defective. (Doc. no. 31-1, p. 5). Specifically, Defendant submits that Investigator Baxley's reliance on statements from

3

confidential informants to obtain the search warrant was legally insufficient under Fourth Amendment standards because he failed to demonstrate the informants' veracity or basis of knowledge concerning the existence of narcotics at Defendant's residence. (Id. at 6). The Government counters that veracity and basis of knowledge showings were not required because "officers made a controlled buy of methamphetamine from the target of the search warrant at the location to be search[ed], within the preceding 72 hours of applying for the search warrant." (Doc. no. 32, p. 2).

Whenever a search warrant application is presented to a judicial officer, the judicial officer must

> make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . , including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

Illinois v. Gates, 462 U.S. 213, 238 (1983). Also, sufficient information must be presented to the judicial officer to allow for the exercise of independent judgment; the judicial officer cannot simply ratify the conclusions of others. Id. at 239. In this circuit, however, a court reviewing the decision of a judicial officer concerning the existence of probable cause gives "[g]reat deference" to that determination. United States v. Gonzalez, 940 F.2d 1413, 1419 (11th Cir. 1991). Furthermore, "probable cause is a fluid concept turning on the assessment of probabilities in particular factual contexts[.]" Gates, 462 U.S. at 232. To avoid "rigid" legal rules, Gates changed the "two-pronged test" of Aguilar v. Texas, 378 U.S. 108, 114 (1964) into a totality of the circumstances test. Gates, 462 U.S. at 230-35. Under the Gates totality of the circumstances test, the "veracity" and "basis of knowledge" prongs of Aguilar

are not accorded independent status as means for assessing the usefulness of an informant's tips. "[T]hey are better understood as relevant considerations in the totality of the circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for by a strong showing as to the other[.]" Id. at 233. Under the "totality of the circumstances" test, there is no rigid demand that specific tests be satisfied before an informant's tip can be relied on. Id. at 230-31. Thus, "the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." Cauchon v. United States, 824 F.2d 908, 911-12 (11th Cir. 1987) (citing Gates, 462 U.S. at 238-39).

Upon examination of the totality of the circumstances in this case, the Court concludes that the Magistrate had a substantial basis for concluding that probable cause existed based on the information provided by Investigator Baxley. The affidavit in support of the search warrant clearly sets forth the facts upon which Investigator Baxley based his request for a warrant:

> On 110306 this affiant received information from a confidential source that Darrell McZilkey is selling methamphetamine from his residence located at 6354 McZilkey Road.
>
> On 011307 this affiant received information from Special Agent Anthony DePrizio Jr., with the Federal Bureau of Investigation, that Darrell McZilkey is selling methamphetamine from his residence . . . . Agent DePrizio stated he received this information from a confidential source.
>
> On 011607 this affiant met with Agent DePrizio and the same confidential source. The source stated to Agent DePrizio and this affiant that within the past 72 hours he was at Darrell McZilkey's residence . . . . While at the residence he observed Darrell McZilkey in possession of approximately 1 ounce of methamphetamine.

5

. . . .

> Within the past 72 hours the same confidential source went to 6354 McZilkey Road and obtained a quantity of methamphetamine. The source was searched for contraband with negative results prior to going to . . . the residence. The source was followed to and from 6354 McZilkey Road and returned to the pre-arranged meeting location. The methamphetamine was field tested with positive results.

(Doc. no. 31-1, p. 9). Accordingly, the Magistrate was informed that, within the prior 72 hours, two confidential informants reported that Defendant was selling methamphetamine from his residence and one confidential informant observed Defendant in possession of methamphetamine. (Id.). The Magistrate was also informed that, within the prior 72 hours, a confidential informant made a controlled purchase at Defendant's residence. Lastly, the Magistrate was informed that Defendant had four prior arrests on drug-related charges. (Id.). Clearly, this was sufficient factual information to allow the Magistrate to determine whether there was a "fair probability" that contraband or evidence of a crime would be found at Defendant's residence. Although the "veracity" and "basis of knowledge" prongs of Aguilar are relevant considerations in the totality of the circumstances analysis, informant tips may be relied upon without satisfying either prong. Gates, 462 U.S. at 230-33. Therefore, the Court finds no basis for recommending suppression of any evidence seized from Defendant's residence based on this challenge to the information used to obtain a warrant.

**B.  The Search Warrant's "No Knock" Feature**

Additionally, Defendant argues that the search warrant was defective because it authorized entry into Defendant's residence without knocking and giving verbal notice of the officer's authority and purpose. (Doc. no. 31-1, p. 6). Defendant again challenges the search

6

warrant based on the sufficiency of the information presented to the Magistrate because Investigator Baxley made no effort to explain why the facts of this case necessitated a "no knock" warrant. (Id. at 7). In response, the Government submits that a "no knock" entry is justified when police have a reasonable suspicion that knocking and announcing would be dangerous, futile, or inhibit the investigation. (Doc. no. 32, p. 3). The Government maintains that, because the officers were dealing with a known methamphetamine dealer and user, no knock authorization was necessary for the safety of the officers and the preservation of evidence. (Id.).

The Fourth Amendment requires that "law enforcement officers [executing search warrants] must announce their presence and provide residents an opportunity to open the door. . . ." Hudson v. Michigan, __ U.S. __, 126 S. Ct. 2159, 2162 (2006) (citing Wilson v. Arkansas, 514 U.S. 927, 931-32 (1995)). However, there are situations "in which it is not necessary to knock and announce. It is not necessary when 'circumstances presen[t] a threat of physical violence,' or if there is 'reason to believe that evidence would likely be destroyed if advance notice were given,' or if knocking and announcing would be 'futile.'" Id. at 2162-63 (citing Wilson, 514 U.S. at 936; Richards v. Wisconsin, 520 U.S. 385, 394 (1997)). Furthermore, law enforcement need only "'have a reasonable suspicion . . . under the particular circumstances' that one of these grounds for failing to knock and announce exists, and we have acknowledged that '[t]his showing is not high.'" Id. at 2163 (citing Richards, 520 U.S. at 394).

In this case, the search warrant authorized entry into Defendant's residence "without knocking and the giving of verbal notice of the officer's authority and purpose." (Doc. no.

7

31-1, p. 12). According to Investigator Baxley, execution of the warrant in compliance with the knock-and-announce rule would "greatly increase the risk of injury to the executing officers and the possible destruction of evidence." (Id. at 9-10). Admittedly, the affidavit and application for a search warrant contained little factual detail specific to Defendant in support of Investigator Baxley's fears.[2] Moreover, Investigator Baxley's independent investigation of Defendant's criminal history revealed no arrests associated with violent crimes or obstruction of justice. (Id. at 9).

Nevertheless, assuming Investigator Baxley failed to provide the Magistrate with particular facts justifying a "no knock" warrant, the Fourth Amendment does not mandate suppression of the evidence seized in this case. That is, "the knock-and-announce rule has never protected . . . one's interest in preventing the government from seeing or taking evidence described in a warrant." Hudson, 126 S. Ct. at 2165 (explaining that the interests protected by the knock-and-announce rule are the protection of human life and property, as well as the opportunity to comply with the law and to prepare for the entry of law enforcement). As the interests protected by the knock-and-announce rule have nothing to do with the seizure of evidence, a violation of the rule does not mandate the suppression of evidence seized in the subsequent search. Id. Therefore, the Court finds no basis for recommending suppression of any evidence seized from Defendant's residence based on this challenge to the search warrant's "no knock" feature.

---

[2] Although the application for a search warrant contained little factual detail specific to Defendant supporting a reasonable suspicion that knocking and announcing would inhibit the investigation, after law enforcement officers entered Defendant's residence, Defendant threw a bag of methamphetamine out of his bedroom window in an effort to conceal evidence. (Doc. no. 31-1, p. 13).

8

C.  **Defendant's Statements to Law Enforcement**

Finally, Defendant asks that the Court suppress "any statements made by Defendant either during or as a result of . . . [the] searches, or while Defendant was in police custody." (Doc. no. 31-1, p. 2). Although Defendant provides no argument in support of the sought-after relief, the Court presumes that the request is based on the belief that the search of his residence, pursuant to the allegedly defective search warrant, was illegal. First, it should be noted that Defendant does not allege a violation of Miranda v. Arizona, 384 U.S. 436, 444 (1966). Furthermore, Defendant does not challenge the voluntariness of any statements. Cf. Moran v. Burbine, 475 U.S. 412, 421 (1986) ("First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."). Thus, this apparent "fruit of the poisonous tree" argument seemingly hinges on the validity of the search. Wong Son v. United States, 371 U.S. 471, 488 (1963).

As explained in detail above, the Magistrate had a substantial basis for concluding that probable cause existed for the issuance of the search warrant, and the warrant's "no knock" feature does not invalidate the warrant or require suppression of evidence seized in the search. Furthermore, Defendant has failed to provide any evidence or offer any argument, other than the previously discussed challenges to the warrant's validity,

concerning problems with statements that he made to law enforcement officers. Therefore, the Court finds no basis for recommending the suppression of statements that Defendant made to law enforcement.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motions to suppress, along with the request for a hearing on the motions, be **DENIED**.

SO REPORTED and RECOMMENDED this 19th day of September, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA     *

vs.     *     CASE NO. 1:07-CR-52

DARRELL JAMES McZILKEY     *

    *

    *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as Report & Recommendation dated 9/19/07, which is part of the official records of this case.

Date of Mailing: 9/19/07
Date of Certificate: 9/19/07

SCOTT L. POFF, CLERK

By _L. Jebsden_

NAME:
1. Darrell McZilkey
2. Edward J. Coleman, III
3.
4.
5.
6.
7.

Cert/Copy
- ☐ ☐ District Judge
- ☐ ☒ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☐ U.S. Probation
- ☐ ☐ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy
- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds